# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ROGACIANO JARAMILLO, | : | CIVIL ACTION NO. |
| BOP Reg. # 66689-019, | : | 1:16-CV-1114-LMM-JCF |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:15-CR-64-LMM-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 24).

**IT IS RECOMMENDED** that the motion be **DENIED**.

## I.  Procedural History

Movant was indicted on March 3, 2015 for illegally re-entering the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (2)(b). (Doc. 1). He entered a non-negotiated plea of guilty (Doc. 17-1), and on August 5, 2015, he received a 47-month sentence (Doc. 22). In his counseled Sentencing Memorandum, he noted that he had been

> removed from the United States in 2013, following his conviction in the Superior Court of Gwinnett County (Georgia) in 2008 for, *inter alia*, trafficking in methamphetamine.... The presentence investigation report ('PSR') set[ his] guideline range at 57 to 71 months, based upon a total offense level of 21 and a criminal history category of IV. *[A] prior conviction for which he received 3 criminal history points—the 2008*

> *drug-trafficking conviction—was also the basis for . . . a 16-point increase to his total offense level [under] U.S.S.G. § 2Ll.2(b)(l)(A).*

(Doc. 19 at 1-2 (emphasis added); *see* Doc. 26 at 2-3 (Movant "did not object to the account of his 2008 drug trafficking convictions as summarized in the [PSR]. The Probation Officer recommended a base offense level of 8 under Section 2L1.2 of the Sentencing Guidelines, plus a 16-level adjustment under Section 2L1.2(b)(1)(A)(i) because [Movant] had a prior conviction for a drug trafficking offense for which he received criminal history points and for which he was sentenced in excess of 13 months.")); *see also* U.S.S.G. § 2L1.2(b)(1)(A) ("If the defendant previously was deported . . . after — (A) **a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months**; [or] (ii) a crime of violence; . . . increase [his offense level] by 16 levels if the conviction receives criminal history points under Chapter Four . . . ." (emphasis added)).

Movant did not file a direct appeal. He signed and filed his § 2255 motion on March 30, 2016. (Doc. 24 at 13).

## II.  Standard Of Review

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

2

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  But it is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

### III.  *Johnson* And The Armed Career Criminal Act ("ACCA")

Movant raises one ground for relief — that his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because the Supreme Court in *Johnson* invalidated the ACCA's residual clause.  (Doc. 24 at 4).

> Under the ACCA, an individual convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year sentence if that individual has three previous federal or state convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Section 924(e) defines a "violent felony" as:
>
>> any crime punishable by imprisonment for a term exceeding one year . . . that—
>>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

3

> *Id.* § 924(e)(2)(B). The residual clause of § 924(e)(2)(B)(ii) [referring to any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"] encompasses any crime in which "the risk posed . . . is comparable to that posed by its closest analog among the enumerated offenses." *James v. United States*, 550 U.S. 192, 203 (2007).

*United States v. Gandy*, 710 F.3d 1234, 1236-37 (11th Cir. 2013). In June 2015, the Supreme Court struck down the ACCA's residual clause as "unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557-58.

### IV.    Movant's Sentence Was Not Enhanced Under The ACCA.

The government argues that Movant's claim is procedurally defaulted because he was sentenced in August 2015, after *Johnson* was decided, and thus he could have raised his *Johnson* claim at sentencing. (Doc. 26 at 3-4). The government also argues that even if the default is excused based on trial counsel ineffectiveness, the claim fails on the merits. (*Id.* at 4 *et seq.*). The Court agrees that Movant's claim is procedurally defaulted, but addresses it on the merits to show that Movant suffered no prejudice from counsel's failure to raise his *Johnson* claim at sentencing.

Because Movant's sentence was not enhanced under the ACCA, his appeal to the authority of *Johnson* is unavailing. (*See* Doc. 26 at 1-2 ("*Johnson* offers no relief—and indeed, is completely inapplicable—to prisoners like [Movant] who were

exposed to higher sentences based on prior drug trafficking offenses, not crimes of violence.")). Movant argues that his due process rights were violated because of the unconstitutionally vague definitions of "crime of violence" in 18 U.S.C. § 16(b) and of "aggravated felony" in 8 U.S.C. § 1101(a)(43). (*See* Doc. 24 at 14-30; Doc. 27 at 1-3). But these definitions would be relevant only if Movant's sentence had been enhanced under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because of a previous crime of violence — rather than under § 2L1.2(b)(1)(A)(i) because of a previous drug offense — or if it had been enhanced under § 2L1.2(b)(1)(C) because of a previous aggravated felony. It was not. Movant's § 2255 claim fails.

## V. Certificate Of Appealability

A § 2255 movant must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant

5

need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir.) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).  Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here.  *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case).  Because there is no reasonable argument that Movant's § 2255 claim has merit, a COA should not issue in this matter.

## VI. Conclusion

**IT IS RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion (Doc. 24) be **DENIED** and that he be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 3rd day of June, 2016.

    /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

6